IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40643
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

ARTHUR RAY DAVIS, also known as Arthur Ray,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-99-CR-10-6
--------------------
March 11, 2002

Before DUHÉ, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[1]

    Arthur Ray Davis appeals his sentence for possession with
intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)
(1) and 841(b)(1)(C).  Davis argues that the district court clearly
erred when it adopted the PSR's calculations that included an
estimate of crack cocaine in his base offense level.  He asserts
that the task force investigation that resulted in his arrest and
conviction did not reveal that he was a crack cocaine trafficker.
Davis's sentencing challenge relies on transcripts of intercepted
conversations    that    were    obtained    during    the    task    force

---

    [1] Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

investigation.  As those transcripts are not part of the record on appeal, we must reject that argument.  See FED. R. APP. P. 10 (b)(2); see also United States v. Dunham Concrete Products, Inc. 475 F.2d 1241, 1251 (5th Cir. 1973).

Furthermore, additional evidence, *e. g.*, the statements of a codefendant and other task force observations, supports the district court's conclusion that it was appropriate to determine Davis's base offense level by using quantities of both crack cocaine and powder cocaine.  Finally, Davis's argument that his sentence should be based only on conduct specified in the indictment count to which he plead guilty is erroneous and is rejected.  See U.S.S.G § 2D1.1 comment. (n. 12); see also United States v. Young, 981 F. 2d 180, 189 (5th Cir. 1993).

AFFIRMED.